UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                     Criminal Case No.
                                            07-CR-20094

vs.

                                           HON. MARK A. GOLDSMITH

GARNER HERBERT WOOD,

           Defendant.

_____/

**OPINION AND ORDER REGARDING PROCEEDINGS UNDER 18 U.S.C. § 3582(c)(2)**

       This matter is presently before the Court on Defendant's request for a sentence modification under 18 U.S.C. § 3582(c)(2). The matter has been extensively briefed and is ready for decision. See Dkts. 198, 199, 201, 202, 203, 204, 205, 206, 208, 209. For the reasons that follow, the Court does not modify Defendant's sentence.

       On November 14, 2008, Defendant was sentenced to a term of imprisonment of 96 months, which was well below Defendant's guidelines range of 151-188 months. The downward departure was based on Defendant's substantial assistance pursuant to United States Sentencing Guidelines (USSG) § 5K1.1 and 18 U.S.C. § 3553(e). The parties agree that Defendant is presently eligible for a sentence modification under § 3582(c)(2) in light of the Fair Sentencing Act of 2010, 21 U.S.C. § 841, et seq. The parties further agree that Defendant's amended guidelines range is 121-151 months. Defendant argues that his new sentence should be reduced under USSG § 5K1.1 and 18 U.S.C. § 3553(e) in the same proportion as his original sentence. Under this approach, Defendant's new sentence would be approximately 77 months.

The government, while conceding that the Court has authority to resentence Defendant under § 3582(c)(2), opposes any modification because facts that have come to light after Defendant's original sentencing in 2008 have shown that Defendant is undeserving of a substantial assistance departure. The government points out that the substantial assistance departure was based on Defendant's cooperation with the Genesee County Prosecutor's Office (GCPO) in connection with drug-related murder investigations involving the same conspirators as are involved in the present case. The government states that, after Defendant was sentenced in this matter, it was determined that Defendant had given false information regarding his own involvement in two double murders, resulting in the decision of the GCPO to revoke its agreement with Defendant, reinstate certain state charges against him, and add new homicide charges for his involvement in the double homicides. In light of these developments, the government urges that Defendant's sentence remain at 96 months, a term that is below Defendant's amended guidelines range of 121-151 months but not in the same proportion as the original departure Defendant received from his original guidelines range of 151-188 months.

The post-sentencing developments, discussed in the preceding paragraph, were outlined by the government in its brief filed on October 23, 2012 (Dkt. 204) and are wholly uncontested by Defendant. Notably, the Court expressly afforded Defendant an opportunity to file a brief in response to the government's October 23, 2012 brief. See Dkt. 205 ("If Defendant wishes to file a reply in response to the government's October 23, 2012 response brief, he may do so by November 14, 2012").[1]

---

[1] The Court subsequently granted Defendant two separate extensions of time in which to respond to the government's October 23, 2012 brief (Dkts. 208, 209), but no responsive brief was ever filed by Defendant and the twice-extended deadline for filing the brief has now expired.

This Court has discretion in determining whether a sentence modification is warranted. See United States v. Washington, 584 F.3d 693, 695 (6th Cir. 2009). The Court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or applies an incorrect legal standard. Id. Having considered the factors set out in 18 U.S.C. § 3553(a) and (e), and USSG § 5K1.1, the Court agrees with the government that Defendant's sentence should not be further reduced from 96 months in light of Defendant's undisputed behavior following his original sentencing, as described above. Accordingly, the Court does not modify Defendant's sentence under 18 U.S.C. § 3582(c)(2).

SO ORDERED.


Dated:  December 13, 2012                          s/Mark A. Goldsmith
        Flint, Michigan                            MARK A. GOLDSMITH
                                                   United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2012.

                                                   s/Deborah J. Goltz
                                                   DEBORAH J. GOLTZ
                                                   Case Manager